UNITED STATES OF AMERICA, )
) SS.
STATE OF MISSOURI. )

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI,
EASTERN DIVISION.

Dennis W. Young )
Plaintiff, )
-VS- ) CASE NUMBER 1:06CV126 LMB
Jo Anne Barnhart )
Commissioner of Social Security, )
Defendant. )

**MEMORANDUM IN SUPPORT OF**
**PLAINTIFF'S COMPLAINT**

## Nature of Action and Prior Proceedings

1. This is a proceeding under Title II of the Social Security Act, 42 U.S.C. Section 401 et seq. Section 405 (g) provides for judicial review of a final decision of the Commissioner of Social Security.

2. The Claimant originally filed an Application for Disability Insurance Benefits on or about October 16, 2003 (Tr. 131-133). This Application was denied on or about January 6, 2004 (Tr. 120). After the initial denial, the Claimant requested and was given a hearing before an Administrative Law Judge (Tr. 96-119). The hearing was convened on August 11, 2005 before Judge Craig Ellis, and testimony was taken (Tr. 390-432). After denial by the Administrative Law Judge on or about March 31, 2006 (Tr. 11-27), the Claimant filed a Request for Review (Tr. 9-10). The Appeals Council denied the Claimant's Request for Review on July 12, 2006 (Tr. 5-7).

3. On September 12, 2006, Plaintiff commenced the above-captioned civil action in the United States District Court for the Eastern District of Missouri in accordance with the applicable Statutes. The Decision of the Administrative Law Judge is the final decision of the Commissioner as affirmed by the Appeals Council.

**Statement of Facts**

1. The Administrative Law Judge summarized the medical evidence and testimony from the original hearing in his Decision in this case (Tr. 11-27). That summary is incorporated herein by this reference.

**Statement of the Issue**

1. This action is a statutorily defined and limited form of judicial review. Under U.S.C. Section 405 (g), the Commissioner's Decision is conclusive upon the Court if it is supported by substantial evidence. Thus, the issue is whether there exists on the Record as a whole substantial evidence to support the Commissioner's Decision.

**Applicable Law and Facts Supporting Plaintiff's Position**

1. Plaintiff realizes that he has the burden of proving his entitlement to Social Security Disability Insurance Benefits. Johnson v. Califono, 572 F. 2d. 186 (8th Cir. 1978); 41 U.S.C. Section 423 (b) (1).

2. Plaintiff has alleged and testified concerning multiple problems that either singly or in combination created the disability of the Plaintiff and his inability to work. The Record also has multiple medical reports as shown by both the testimony of Plaintiff and the medical reports that Plaintiff has had a history of severe pulmonary obstruction (Tr. 241, 243, 307, 309, 311, 313, 376-379, 396), hepatitis c-chronic (Tr. 197, 236-237, 247, 250-251, 255-256, 258-259,

262-263, 269, 271-273, 276, 278-279, 281-282, 284, 288, 290, 293-297, 299, 302, 305, 307, 309, 311, 327, 329, 332-335, 338, 390), illiteracy with a full scale IQ of 65 (Tr. 197, 200-201, 287-288, 290, 297, 370, 372, 396-397, 399), reflux esophagitis (Tr. 236, 247, 250, 262, 273, 276, 278, 281, 290, 334), chronic back pain (Tr. 148, 236, 247-248, 250, 262-263, 267, 269, 271, 273, 276, 278-279, 281-282, 285, 339, 396, 410-412, 425), abdominal pain (Tr. 148, 236-237, 247, 250, 262, 269, 273, 276, 279, 281, 286, 322-324, 330-331, 334-335, 338, 362, 364, 390-391, 425), GERD (Tr. 236, 247, 250, 262, 273, 276, 278, 281, 286, 300, 338, 347, 352), degenerative joint disease (Tr. 236, 247, 250, 259, 262, 269, 271, 273, 276, 278, 281, 286, 302, 313), facial pain (Tr. 236, 247, 250, 262, 273, 276), chest pain (Tr. 61, 148, 157, 161, 163, 165, 197, 236-237, 246-247, 250-251, 254, 258-260, 262, 264, 273, 281, 284, 287, 297, 299-300, 302-303, 306, 309, 311-313, 319, 336, 338-339, 344, 347, 407, 425), dyspnea (Tr. 273, 313, 339, 390-391), depression (Tr. 271-272, 390-391), high blood pressure (Tr. 157, 165, 251, 260, 300, 338-339, 340, 344-345, 348-349, 352-353, 364, 370, 372).

1. The doctors who examined the Plaintiff were uniform in their findings of severe pulmonary obstruction (Tr. 241, 243, 307, 309, 311, 313, 376-379), hepatitis c-chronic (Tr. 236-237, 247, 250-251, 255-256, 258-259, 262-263, 269, 271-273, 276, 278-279, 281-282, 284, 288, 290, 293-297, 299, 302, 305, 307, 309, 311, 327, 329, 332-335, 338, 390), illiteracy with a full scale IQ of 65 (Tr. 287-288, 290, 297, 370, 372), reflux esophagitis (Tr. 236, 247, 250, 262, 273, 276, 278, 281, 290, 334), chronic back pain (Tr. 236, 247-248, 250, 262-263, 267, 269, 271, 273, 276, 278-279, 281-282, 285, 339), abdominal pain (Tr. 236-237, 247, 250, 262, 269, 273, 276, 279, 281, 286, 322-324, 330-331, 334-335, 338, 362, 364, 390-391), GERD (Tr. 236, 247, 250, 262, 273, 276, 278, 281, 286, 300, 338, 347, 352), degenerative joint disease (Tr. 236, 247, 250,

259, 262, 269, 271, 273, 276, 278, 281, 286, 302, 313), facial pain (Tr. 236, 247, 250, 262, 273, 276), chest pain (Tr. 236-237, 246-247, 250-251, 254, 258-260, 262, 264, 273, 281, 284, 287, 297, 299-300, 302-303, 306, 309, 311-313, 319, 336, 338-339, 344, 347), dyspnea (Tr. 273, 313, 339, 390-391), depression (Tr. 271-272, 390-391), high blood pressure (Tr. 251, 260, 300, 338-339, 340, 344-345, 348-349, 352-353, 364, 370, 372).

2. Specifically, Plaintiff suffers from severe chest pain and high blood pressure (Tr. 236-237, 246-247, 250-251, 254, 258-260, 262, 264, 273, 281, 284, 287, 297, 299-300, 302-303, 306, 309, 311-313, 319, 336, 338-339, 340, 344-345, 347-349, 352-353, 364, 370, 372). Thus, there is no questions that Plaintiff suffers from the injuries and ailments alleged; there is medical evidence and basis for these ailments in the records.

3. An EKG was performed on June 22, 2005, which indicated sinus bradycardia and left ventricular hypertrophy (Tr. 245). A progress report completed by Dr. Bennie Till, M.D. dated September 16, 2005 stated that the Plaintiff had attempted a treadmill stress test last month, but he was unable to tolerate (Tr. 258). There are numerous entries in the Plaintiff's medical reports that reflect tenderness on the left anterior chest wall (Tr. 237, 264, 279, 305) An echocardiogram completed on January 21, 2004 reflected a trace of mitral and tricuspid insufficiency (Tr. 312). The record supports that the Plaintiff has been hospitalized on occasion due to chest pain (Tr. 338). A heart condition can produce pain and conditions that are disabling, and not only the objective evidence of such injury, but the full range of subjective evidence of that injury must also be considered by the Administrative Law Judge in a determination of disability. Brown v. Heckler, 787 F.2d 447 (8th Cir. 1986); Reinhart v. Secretary of Health and Human Services, 733 F.2d 571 (8th Cir. 1984).

4. Based on the foregoing cases and previous case law, there is no questions that pain can produce an impairment or be an impairment that is disabling under the Social Security Act. Northcutt v. Califono, 581 F.2d 161 (8th Cir. 1978). Again, the record contains numerous documents that confirm that the Plaintiff clearly suffers from chest pain (Tr. 236-237, 246-247, 250-251, 254, 258-260, 262, 264, 273, 281, 284, 287, 297, 299-300, 302-303, 306, 309, 311-313, 319, 336, 338-339, 344, 347), facial pain (Tr. 236, 247, 250, 262, 273, 276), chronic back pain (Tr. 236, 247-248, 250, 262-263, 267, 269, 271, 273, 276, 278-279, 281-282, 285, 339), and abdominal pain (Tr. 236-237, 247, 250, 262, 269, 273, 276, 279, 281, 286, 322-324, 330-331, 334-335, 338, 362, 364, 390-391). Furthermore, the Plaintiff testified extensively in regard to the pain that he suffers from in his lower back, shoulders and legs (Tr. 410-412). When cross-examined, the Plaintiff indicated that he took prescription medication for pain and that the prescription medication helped to ease some of the pain, but that he could still not perform any type of substantial gainful activity (Tr. 412). The ALJ did not properly credit the Plaintiff's subjective complaints of pain, "all of which were consistent with the objective medical evidence." Singh v. Apfel, 222 F.3d 448, 452 (8th Cir. 2000).

5. The ALJ erred in failing to consider the Residual Functional Capacity Evaluation that was completed by the Plaintiff's primary treating physician, Dr. Bennie Till, M.D. (Tr. 267-272). Dr. Till documented that the Plaintiff would be unable to sit, stand, walk or work for more than three (3) hours in an eight (8) hour workday due to leg pain and shortness of breath (Tr. 267). Dr. Till further noted that the Plaintiff would be able to only occasionally lift and carry up to twenty (20) pounds due to back problems, arm and leg weakness (Tr. 267). This documentation further noted that the Plaintiff would be unable to perform any type of repetitive

movements with his left foot and that he would be able to bend or reach above frequently, but he would not be able to squat, crawl, climb, stoop, crouch or kneel (Tr. 268). Dr. Till indicated that the Plaintiff's pain was severe and that he suffers from it on a daily basis (Tr. 271). Lastly, the primary treating physician indicated that there were specific medical reasons that the Plaintiff should not work, which included, but was not limited too, depression, weakness, and hepatitis c (Tr. 272). According to Social Security Regulations, a treating doctor's opinion on the issue of the nature and severity of the claimant's impairments should be given controlling weigh if it is consistent with the other substantial evidence in the record. Cripe v. Apfel, 21 F. Supp.2d 944, 948 (N.D. Iowa 1998), citing 20 C.F.R. § 404.1527(d)(2). There is nothing in the record that distracts from the opinion of Dr. Till. Therefore, the treating source's medical opinion should have been entitled to greatest weight and have been adopted. SSR 96-2P. Dr. Till's opinion that the claimant is disabled is entitled to controlling weight.

On January 21, 2002, Dr. W. H. Elliott, M.D. indicated in a progress note that it was his opinion that the Plaintiff had several important serious and potentially critical illnesses. This treating physician indicated at that time that these conditions needed to be investigated, treated and then managed. Dr. Elliott stated, "Bottom line is that he should be considered disabled and we will suggest for now that should be for a one (1) year period." Unfortunately, the ALJ's failed to consider this treating physician's opinion as well. An ALJ must specifically demonstrate that he considered all of the evidence. Id.; Butler v. Secretary of Health and Human Services, 850 F. 2d (8th Cir. 1988).

6. There is no doubt that the Plaintiff suffers from severe pulmonary obstruction (Tr. 241, 243, 307, 309, 311, 313, 376-379, 396). The medical evidence contained in the record

clearly supports these findings. Numerous entries from the medical providers establish diffuse rhonchi and rales and some wheezing on examination; pain around right scapula and pain with breathing; wheezes on left and wheezes on right; and/or complaints of chest pains and dyspnea on exertion (Tr. 237, 248, 251, 279, 282, 307). A Pulmonary Function Test that was performed on August 29, 2005, found that the Plaintiff suffered from "severe obstruction" (Tr. 376-379). Further documentation contained in the record, clearly supports the fact that the Plaintiff further suffers from dyspnea (Tr. 273, 313, 339, 390-391). The definition of dyspnea is difficult or labored breathing; shortness of breath. Dyspnea is a sign of serious disease of the airway, lungs, or heart.[1] On January 21, 2002, Dr. W. H. Elliott, M.D. noted that the Plaintiff was having considerable dyspnea including paroxysmal noctournal dyspnea (Tr. 339). On February 16, 2006, the Plaintiff was examined by Dr. Stacy Sayuk, who documented that the Plaintiff's dyspnea had worsened since his visit in August 2005 and that he was requesting to be placed on oxygen therapy (Tr. 390-391). Thus, it is clear that the Plaintiff's respiratory condition has deteriorated. No medical evaluation or prognosis suggests improvement. When taking into consideration, the Plaintiff's diagnosis of severe pulmonary obstruction, the dyspnea and the results of the pulmonary function test of August 29, 2005; the Plaintiff's respiratory condition should have met or equaled listing 3.02. In Olson v. Apfel, 17 F. Supp. 2d 783, 787-88) (N.D. Ill. 1998), the court found that the ALJ's conclusion that the claimant's combined impairments did not meet or equal any listed impairments was unsupported by the evidence. This is the case in the Plaintiff's claim, his impairments were well supported by the medical evidence, thus, should have been adopted.

---

[1]http://www.medterms.com/script/main/art.asp?articlekey=3145

The Judge erred in stating that the Plaintiff's condition only intermittently showed complaints of chest pain and complaints of only occasional shortness of breath (Tr. 17). The record as a whole clearly supports that the Plaintiff complained during almost every single medical appointment of some type of side effect from the respiratory impairment, such as dyspnea or chest pain (Tr. 236-237, 246-247, 250-251, 254, 258-260, 262, 264, 273, 281, 284, 287, 297, 299-300, 302-303, 306, 309, 311-313, 319, 336, 338-339, 344, 347, 390-391). The Plaintiff's complaints should have be accepted because they were not inconsistent with the record as a whole. Herbert v. Heckler, 783 F.2d 128, 130 (8th Cir. 1983). There was nothing in the record that contradicted the Plaintiff's allegations. An ALJ cannot disbelieve the Plaintiff unless there is a sole lack of medical findings. Isom v. Schweiker, 711 F. 2d 88, 90 (8th Cir. 1983). He must also show that he considered all the evidence that detracts from his position. See, Cline v. Sullivan, 939 F. 2d 560, 564 (8th Cir. 1991).

6. There is no doubt that the Plaintiff suffers from illiteracy with only a full scale IQ of 65 (Tr. 197, 200-201, 287-288, 290, 297, 370, 372, 396-397, 399). Based upon the fact that the Plaintiff cannot read and write and only has a full scale IQ of 65, the Plaintiff should have met or equaled listing 12.05. This listing should have at least been equaled when taking into consideration the Plaintiff's mental impairment, as well as, the Plaintiff's severe physical impairments. If a claimant suffers from an impairment that either meets or equals a listing, the claimant will be determined disabled without considering his or her age, education, or work experience. Flanery v. Chater, 112 F.3d 346 (8th Cir. 1997), *citing Braswell v. Heckler, 733 F.2d 531, 532 (8th Cir. 1984).* "When a claimant meets all the requirements of a listing, he is entitled to benefits without further inquiry into his ability to perform other work." Senne v. Apfel, 198

F.3d 1067, 1067-68 (8th Cir. 1999)

7. Pursuant to Rule 202.09, the Plaintiff's maximum residual functional capacity would be light. The record supports the fact that the Plaintiff suffers from exertional and nonexertional limitations. Because the Plaintiff suffered from nonexertional limitations, the Judge submitted interrogatories to a Vocational Expert on October 13, 2005. Unfortunately, the Judge only identified the Plaintiff's limitations as only occasional lifting/carrying of twenty (20) pounds, frequent lifting/carrying of ten (10) pounds, standing/walking no more than six (6) out of eight (8) hours, and restricted to simple - repetitive work (Tr. 140). At no time did the Judge advise the Vocational Expert that the Plaintiff was illiterate or that he suffered from multiple physical impairments. Thus, a complete hypothetical was not posed to the Vocational Expert. The Eighth Circuit has noted the "point of the hypothetical question is to clearly present to the VE a set of limitations that mirror those of the claimant." Roe v. Chater, 92 F.3d 672, 676 (8th Cir. 1996), citing Hogg v. Shalala, 45 F.3d 276, 279 (8th Cir. 1995). While the ALJ must set forth all of the claimant's impairments in the hypothetical question, the ALJ need not "use specific diagnostic or symptomatic terms where other descriptive terms can adequately define the claimant's impairments." *Id. Followed Fenton v. Apfel, 149 F.3d 907, 912 (8th Cir. 1998). See also Johnson v. Callahan, 968 F. Supp. 499, 462 (N.D. Iowa 1997)* (holding that the hypothetical questions must encompass all relevant impairments because a VE cannot be expected to remember all of the claimant's impairments from the record). The Eighth Circuit has held that when a hypothetical question "does not encompass all relevant impairments, the VE's testimony does not constitute substantial evidence." Pickney v. Chater, 96 F.3d 294,296 (8th Cir. 1996) (holding that the ALJ erred as a matter of law in failing to include the claimant's mental

impairments in the VE's hypothetical, since even the ALJ acknowledged that the claimant had mental impairments and a borderline IQ). *See also Hunt v. Massanari*, 250 F.3d 622, 626 (8th Cir. 2001 (same). In Taylor v. Chater, 118 F.3d 1274, 1278 (8th Cir. 1997), the court reversed for award of benefits noting that "[t]estimony form a vocational expert is substantial evidence only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies." *Id., citing Porch v. Chater, 115 F.3d 567, 572-73 (8th Cir. 1997).*

**Conclusion**

The Plaintiff had a hearing before the Administrative Law Judge but the same was not a full and fair hearing, and the record was not adequately developed for the determinations that were made by the Administrative Law Judge in denying disability to the Plaintiff. The consideration given to the Plaintiff at the administrative level was not full and fair and there was not substantial evidence on the record to support the decision of the Administrative Law Judge that Plaintiff was not disabled. The Plaintiff is entitled to disability insurance benefits from and after the date of the disability alleged, and through the present, continues to be disabled. Accordingly, the Administrative Law Judge's decision should be reversed and benefits ordered paid.

THE LAW FIRM OF MAYNARD & JOYCE

BY:________________________________________

MICHAEL L. MAYNARD #25514
Attorney for the Plaintiff
P.O. Box 601
920 East Main
Park Hills, Missouri 63601
(573) 431-2529
FAX (573) 431-7423

**PROOF OF SERVICE**

A copy of the above and foregoing was mailed, postage prepaid, this 15th day of January, 2007, to: JANE RUND, U.S. Attorney, 111 S. 10th Street, 20TH Floor, St. Louis, MO 63102

______________________________